UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GREENPOINT TECHNOLOGIES, INC., <br> Plaintiff, <br><br> vs. <br><br> HARTFORD CASUALTY INSURANCE COMPANY, <br><br> Defendant. | No. 09-CV-1323 MJP <br><br> **RULE 29 STIPULATION AND PROTECTIVE ORDER RE DISCOVERY** |

## **STIPULATION**

Pursuant to Federal Rule of Civil Procedure 29 and in the interest of efficiency and judicial economy, particularly in the interest of avoiding significant ancillary litigation of discovery issues relating to confidential commercial and/or proprietary information, the parties to this litigation do hereby stipulate and agree to this Protective Order and the procedures set forth herein for designating and protecting confidential commercial and/or proprietary information. The parties stipulate as follows:

RULE 29 STIPULATION AND PROTECTIVE ORDER
RE DISCOVERY - 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

1. The Documents may contain or refer to sensitive confidential commercial and/or proprietary information, including but not limited to business models, rate and pricing information, customer or marketing information and other similar confidential commercial and/or proprietary information. If disclosed other than as provided in this Protective Order, such proprietary and confidential information could result in unfair competitive advantage. In order that the parties may obtain evidence in this case, it is necessary to make such Documents and discovery available to counsel of record and others while protecting each party against unnecessary disclosure of proprietary and confidential information. Consequently no Documents or discovery or copies of Documents or discovery designated confidential by this order shall be delivered to any person except as provided in paragraphs 6, 8 and 9. Neither the contents nor substance of any such document or discovery shall be revealed except to persons authorized by paragraphs 6, 8 and 9 of this Order. Upon execution of this Stipulation, and without further order of the Court, defendant shall produce all Documents and materials responsive to plaintiff's discovery requests and withheld from production on the basis of their claimed confidentiality, and both parties shall comply with this Stipulation. All persons bound by this Protective Order shall maintain the confidentiality of designated Documents and materials, both during and after disposition of this case.

2. As used in this Protective Order, the term "CONFIDENTIAL" is defined as follows:

RULE 29 STIPULATION AND PROTECTIVE ORDER
RE DISCOVERY - 2

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

a. Any Document that contains non-public commercial and/or proprietary commercial information of a party or non-party, the disclosure of which could result in competitive harm to the producing party or non-party (the Designating Person"), and is marked as such by stamping the cover or first page of each such Documents with the word "CONFIDENTIAL". All copies of materials so marked shall also be stamped "CONFIDENTIAL" if the duplicating process by which copies are made does not reproduce the original stamp. The person designating Documents as "CONFIDENTIAL" shall be deemed the "Designating Person" for purposes of this Protective Order. Provided however that any "Document" publicly available prior to such designation may not be designated as "CONFIDENTIAL". If any document so designated becomes publicly available through no fault of a recipient of such Document pursuant to this Order, then the document will lose its "CONFIDENTIAL" status.

b. Any deposition of portion or any deposition designated by any person as "CONFIDENTIAL" at any time during the deposition or upon the conclusion of the deposition, as set forth below. Any depositions so designated shall be marked "CONFIDENTIAL" by the court reporter on all transcripts and on the original.

c. Documents or testimony designated as "CONFIDENTIAL" are expressly subject to this Court's ruling on their confidentiality.

3. Nothing in this Order shall require any person to treat as "CONFIDENTIAL" any material or information which has not been so designated in accordance with this Order. In the event that a party or non-party inadvertently fails to

RULE 29 STIPULATION AND PROTECTIVE ORDER
RE DISCOVERY - 3

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

stamp or otherwise designate a document or other material as "CONFIDENTIAL" at the time of its production, that party or non-party may at any time thereafter stamp or otherwise designate the document or other material as "CONFIDENTIAL". The delay in designating a document as "CONFIDENTIAL" shall not be deemed to have effected a waiver of any of the protections of this Order.

4. The Court Orders that each Designating Person shall exercise caution in designating any Document or portion of a deposition as "CONFIDENTIAL". This category shall be reserved for Documents which contain information that would be of benefit to the Designating Person's competitor(s) or otherwise injurious to the designating person's commercial interests.

5. Each designating Person may orally designate as "CONFIDENTIAL" any testimony during the course of a deposition that refers or relates to a "CONFIDENTIAL" document or "CONFIDENTIAL" information, in which case the court reporter shall transcribe the testimony so designated in a separate volume marked "CONFIDENTIAL". Counsel for all parties will receive copies of all answers, Documents and testimony designated "CONFIDENTIAL" or otherwise for their use. In any event counsel shall have 15 days after receiving a deposition transcript to designate pages of the transcript (and Exhibits thereto) as "CONFIDENTIAL". If no party's counsel timely designates confidential information in a deposition in the manner described above, then none of the transcript or its exhibits will be treated as confidential. For the sake of convenience, the parties may agree to treat as "CONFIDENTIAL" material the entirety of any transcript in

RULE 29 STIPULATION AND PROTECTIVE ORDER
RE DISCOVERY - 4

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

which confidential Documents or information have been discussed or attached as exhibits.

6. "CONFIDENTIAL" material (until such time as this Court rules on the question of its confidentiality, if any, and that appropriate treatment to be afforded confidential material) may be used solely for the purposes of this litigation and may be disclosed solely to the following qualified persons:

    a. Named parties and their employees, representatives and agents;

    b. Attorneys, including both outside and in-house counsel, for any party engaged in the litigation and employees of such attorneys assisting in the litigation;

    c. Personas expressly retained to assist such party's counsel in the preparation of this action for trial, including expert witnesses;

    d. Persons necessary to the preparation of Documents or transcription of testimony, and persons to whom any such document has previously been disclosed;

    e. The author or a prior recipient of the documents; and

    f. This Court and/or the trier of fact.

"CONFIDENTIAL" material shall not be disclosed to any other person absent consent of the Designating Person or further order of the Court. Nothing herein shall be construed to prevent this Court from disclosing any facts relied upon in making any evidentiary rulings, rulings on motions, or order of whatever description.

RULE 29 STIPULATION AND PROTECTIVE ORDER
RE DISCOVERY - 5

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

7.	Before disclosing "CONFIDENTIAL" material to any person falling within categories 6a., 6c., 6d. or 6e. above, counsel for the party making such disclosures shall advise such person in writing not to disclose any "CONFIDENTIAL" materials to any other person and that, if the person does disclose such "CONFIDENTIAL" material, the person may be subject to the sanctions of this Court. Counsel for the party making such disclosure may satisfy this notice requirement by providing a copy of this Order to any party to whom "CONFIDENTIAL" material is to be disclosed.

8.	If a non-disclosing party wishes to use "CONFIDENTIAL" material to support or oppose a motion or at trial, that party shall use its best efforts to give the disclosing party fourteen (14) days advance notice of the specific materials or information it intends to submit to the Court so that the disclosing party has the opportunity to move the Court to accept such "CONFIDENTIAL" material for filing under seal. If such a motion to seal is filed, the non-disclosing party shall not file any "CONFIDENTIAL" information addressed by the motion to seal until that motion is resolved, but instead shall refer to the exhibits in the motion to seal. If not feasible to give the disclosing party advance notice of the intent to submit "CONFIDENTIAL" material, the non-disclosing party shall submit to the court a motion to seal pursuant to Local Rule W. D. Wash. 5(g) contemporaneous with the filing of the "CONFIDENTIAL" materials and shall adhere to all requirements of CR 5(g)(3)-(6).

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

9. "CONFIDENTIAL" material may be used in connection with the examination by deposition of any witness. Whenever "CONFIDENTIAL" material is so disclosed in a deposition, the party making such disclosure shall inform the witness, on the record, that the use of such "CONFIDENTIAL" material is subject to the terms of this Protective Order and the witness is bound by the terms of this Protective Order. If any person present at the deposition, other than the reporter and witness, does not come within the categories of persons defined in paragraphs 6a through 6e of this Order, then that person shall not continue to be present while this "CONFIDENTIAL" material is used during the deposition.

10. The provisions of this Protective Order shall continue in effect unless or until modified by this Court in a future order (which is expressly contemplated by the terms of this protective order) or until expressly released by all parties. Upon final determination of the subject litigation, each party will return to the other or destroy (at the election of the Designating Person) all "CONFIDENTIAL" material in its possession and control and all copies of materials deemed by this Court in a future order to be confidential or which have been treated as confidential by the parties, except that copies of papers filed with the Court may be retained by any party or cousel. In the event the Designating party elects to request destruction of the "CONFIDENTIAL" material, then counsel for the receiving party shall certify the destruction and provide a copy of the certification to the Designating Party. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

RULE 29 STIPULATION AND PROTECTIVE ORDER
RE DISCOVERY - 7

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

11. In the event a party is subject to a discovery request or subpoena from a nonparty calling for the production of Documents produced by another party designated "CONFIDENTIAL", then notice of such shall be given to the producing party. The producing party shall have the obligation of bringing on a motion for relief or direction from this Court. Absent such a motion or action by the producing party, the other party may comply with the discovery requests or subpoena including the production of the "CONFIDENTIAL" materials.

12. Any party may petition the Court for relief from the terms of this Stipulation and Protective Order or for a court order that particular document or documents are not CONFIDENTIAL. On any such motion, the party claiming that a document should maintain its confidential status shall have the burden of proof and there is no presumption that any documents should be confidential because a party has designated it as such. Likewise, there shall be no presumption that the terms of this Stipulation and Protective Order should not be revised.

DATED this 4th day of March, 2010.

RHODE & VAN KAMPEN PLLC

_____
Al Van Kampen, WSBA #13670
Gregory G. Schwartz, WSBA # 35921
Attorneys for Plaintiff Greenpoint Technologies, Inc.

FORSBERG & UMLAUF, P.S.

_____
John P. Hayes, WSBA # 21009
Martin J. Pujolar, WSBA #36049
Attorney for Defendant Hartford Casualty Insurance Company

RULE 29 STIPULATION AND PROTECTIVE ORDER
RE DISCOVERY - 8

## **ORDER**

It is hereby ORDERED that the foregoing Protective Order be and hereby is

ENTERED, this 5th day of March, 2010.

_____
Marsha J. Pechman
United States District Judge

*Presented by:*

FORSEBERG & UMLAUF, P.S.

_____
John P. Hayes, WSBA # 21009
Martin J. Pujolar, WSBA #36049
Attorney for Defendant Hartford Casualty Insurance Company

RHODE & VAN KAMPEN PLLC

_____
Al Van Kampen, WSBA #13670
Gregory G. Schwartz, WSBA # 35921
Attorneys for Plaintiff Greenpoint Technologies, Inc.

RULE 29 STIPULATION AND PROTECTIVE ORDER
RE DISCOVERY - 9

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX